## PROCEEDINGS IN ERROR IN LOCAL OPTION CASES.

Circuit Court of Cuyahoga County.

IN RE PETITION IN FAVOR OF PROHIBITING THE SALE OF INTOX-
ICATING LIQUORS v. TOM L. JOHNSON, MAYOR, ETC.; AND
FIVE OTHER LIQUOR CASES.

Decided, November 26, 1906.

*Wet and Dry Petitions—Hearings thereon Judicial—Leave to File Pe-
titions in Error Granted by Court and Not Judge—Transcript Must
Accompany Petition in Error.*

1. Leave to file a petition in error in the circuit court to the action of a mayor or judge upon a petition in favor of prohibiting the sale of liquor under the Jones law, must be granted by the court and not by a judge thereof.
2. With the petition in error in such cases must be filed a transcript of the final record or a transcript of the docket and journal entries, as required by Revised Statutes, Section 6716.
3. The proceedings before the mayor or judge on such petitions are judicial and not ministerial; otherwise error would not lie to them.

*Geo. H. Shaw, C. W. Collister, Hobday & Quigley, Blandin, Rice & Ginn,* and *F. D. Morrow:*

WINCH, J.; MARVIN, J., and HENRY, J., concur.

During the summer vacation six petitions in error were filed in this court, upon leave of one judge thereof, to review a like number of rulings, four by the mayor of the city of Cleveland and two by a judge of the Common Pleas Court of Cuyahoga County, within which said city is situated, upon petitions presented to said mayor and judge, respectively, in favor of prohibiting the sale of intoxicating liquors as a beverage in cer-

tain residence districts in said city, described in said petitions, as provided under the Jones law, so-called.

The jurisdiction of the court to consider these petitions in error is challenged upon two grounds:

First.    Because leave to file said petitions in error was granted by a judge of the circuit court, in vacation, instead of by the court itself during term time.

Second.    Because neither a transcript of the final record nor a transcript of the docket or journal entries was filed with any of said petitions in error, as required by Section 6716, Revised Statutes of Ohio.

A determination of these propositions requires an examination of part of Sections 4 and 12 of said Jones law, reading as follows:

"Section 4.    The mayor or judge shall decide whether the petitioners are qualified electors in the residence district and equal in number a majority of the votes cast in the residence district at the last regular municipal election, and the mayor shall make a record of his findings on his docket, and the judge shall cause the same to be recorded in the records of his court.

"Section 12.    Any person being a qualified elector of a residence district of any municipal corporation wherein a petition shall have been presented and held sufficient by a mayor or judge as provided for in this act may prosecute error from such finding by first filing a motion for leave to file a petition in error with the circuit court of the county in which such residence district is situated.

"The motion shall not be granted unless for good cause shown.    If such motion is granted, a petition in error shall be filed within fifteen days after the finding or decision of the mayor or judge setting forth the errors complained of."

Conceding, as has been held by other circuit courts of this state, that leave to file such petitions in error must be granted by the court and can not be granted by one or more judges thereof in vacation, perhaps, it does not follow that if petitions in error are filed within the fifteen days limited by the statutes, but during vacation, they must be stricken from the files.

In each of these cases plaintiffs in error did all that this statute requires of them to be done.    Each filed with the clerk

of this court a motion for leave to file a petition in error. Each filed a petition in error with said clerk within the fifteen days. The court was not in session. *Quaere,* could the court when thereafter duly convened in session, grant this motion, and the petition in error being on file within the fifteen days, would the limitations of the statute be complied with?

What answer we should give to this question in a case where we felt the leave should be granted, we do not now indicate, for a consideration of the second objection to the jurisdiction of the court shows that such leave should not be granted in these cases, in any event.

2. The second objection is that no transcript was filed with the petition in error.

We have carefully examined all the papers filed in all these cases and find that in none of them was there filed with the petition such transcript as is required by Section 6716, before referred to.

If the proceedings before the mayor or the proceedings before the judge were of a judicial nature, then manifestly the jurisdiction of this court to review said proceedings must be invoked as prescribed by Chapter 1, Title IV, Part 3, of the Revised Statutes, and as Section 6716 contained in said chapter, was not complied with, the court is without jurisdiction to entertain said petitions in error. *Jennings* v. *Mendenhall,* 3 O. S., 490; *Stewart* v. *Williams,* 15 O. S., 484; *Barton* v. *Am. Nat. Bk.,* 14 C. C., 450.

If the proceeding before the mayor or judge were of a ministerial nature; if they exercised non-judicial functions under the Jones law, then said Section 12 of said law is in contravention of Section 6, Article IV, of the Constitution, for it would be the conferring of original jurisdiction upon the circuit court in excess of that limited by the Constitution. *Logan Branch Bank, Ex Parte,* 1 O. S., 432; *Musser* v. *Adair,* 55 O. S., 466.

So it seems that whether the functions performed by the mayor or judge under the Jones law are ministerial or judicial, the result would be the same in these six cases, and the petitions in error must be dismissed for want of jurisdiction in this court to entertain them.